# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ALESIA GONZALEZ,**

    **Plaintiff,**

**v.**        No. 20-cv-0421 RB/SMV

**IMTT EPIC LLC,**

    **Defendant.**

### ORDER SETTING SETTLEMENT CONFERENCE

THIS MATTER is before the Court pursuant to a telephonic status conference held on February 1, 2021. To facilitate a final disposition of this case, a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **March 31, 2021, at 9:00 a.m. MDT** via Zoom. All individuals attending the Settlement Conference must familiarize themselves with Zoom prior to the Settlement Conference.

The parties or a designated representative, other than counsel of record, with final settlement authority, must attend via Zoom. Counsel who will try the case must also attend via Zoom. Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[1] *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for

---

[1] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

violating confidentiality of settlement conference). Counsel shall advise their clients regarding appropriate attire for appearance in federal court.

No later than **March 12, 2021**, Plaintiff shall serve on Defendant a letter setting forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would be warranted; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.

No later than **March 19, 2021**, Defendant shall serve on Plaintiff a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a counteroffer.[2] If a release is contemplated, defense counsel shall include a proposed form of release with the letter.

Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the Settlement Conference. If the case does not settle, Plaintiff shall provide copies of these letters to the Court no later than **5:00 p.m. on March 24, 2021**. Otherwise, the letters will be kept confidential.

It has been the Court's experience that disagreement over special damages—e.g., past medical expenses, lost wages, property damages—often presents an obstacle to settlement. Therefore, if Plaintiff is claiming special damages, Plaintiff's letter must itemize such special damages and state the exact dollar amount Plaintiff is claiming for each category. If Defendant

---

[2] If the parties have engaged in settlement negotiations, Plaintiff's demand should be lower than Plaintiff's most recent demand, and Defendant's counteroffer should be higher than Defendant's most recent counteroffer.

disagrees with the amount of special damages listed in Plaintiff's letter, Defendant's letter must state the exact dollar amount Defendant believes to be correct for each category. In other words, if Plaintiff claims $1,000 in lost wages, and Defendant believes the correct amount of lost wages is $500, Defendant's letter must clearly state that Plaintiff's lost wages amount to $500. It is insufficient simply to say, "Defendant disagrees that Plaintiff has $1,000 in lost wages." If there is a dispute over any item of special damages, counsel will be required to do two things. First, lead trial counsel for Plaintiff and lead trial counsel for Defendant must meet (in person or telephonically) prior to the settlement conference to try to resolve the dispute. Counsel are specifically instructed to talk to each other; an exchange of emails or correspondence is insufficient. Second, if the dispute cannot be resolved, lead trial counsel for Plaintiff and lead trial counsel for Defendant will each bring with them to the settlement conference all documentation supporting their position on special damages and will be prepared to personally argue their position. This duty cannot be delegated to an associate, a party representative, or an insurance representative. The Court will expect each lead trial counsel to be prepared to present his or her case on special damages.

No later than **5:00 p.m. on March 24, 2021**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis of the strengths and weaknesses of its case and the names of the individuals who will be attending the conference and in what capacity. Position statements must be submitted to the Court by e-mail at VidmarChambers@nmd.uscourts.gov.[3]

---

[3] Each e-mail message and its attachments cannot exceed 45 MB. Data exceeding 45 MB should be submitted in individual e-mail messages, each less than 45 MB.

No later than **5:00 p.m. on March 24, 2021**, each party must provide the Court a list of the names of the individuals who will be attending the Settlement Conference and in what capacity. **This list must include the e-mail addresses and phone numbers for each attorney attending the Settlement Conference.** The Court <u>must</u> receive this information in order to (1) send counsel the Meeting ID and Password for the Zoom Settlement Conference, and (2) immediately communicate with counsel during the Settlement Conference should there be technical difficulties with Zoom. This list must be submitted to the Court by e-mail at VidmarChambers@nmd.uscourts.gov.[4]

Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **5:00 p.m. on March 24, 2021**.

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown. Any motion to vacate or reschedule the Settlement Conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

The Court may contact counsel ex parte prior to the Settlement Conference to discuss the Settlement Conference.

---

[4] Each e-mail message and its attachments cannot exceed 45 MB. Data exceeding 45 MB should be submitted in individual e-mail messages, each less than 45 MB.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| **Plaintiff's letter and settlement demand due to Defendant:** | March 12, 2021 |
| **Defendant's letter and counteroffer due to Plaintiff:** | March 19, 2021 |
| **Plaintiff provides copies of settlement letters to the Court by:** | 5:00 p.m. on March 24, 2021 |
| **Parties' confidential position statements due to the Court:** | 5:00 p.m. on March 24, 2021 |
| **Settlement Conference:** | March 31, 2021, at 9:00 a.m. MDT |

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**